# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL, INC. ET AL.** | **SECTION I** |

## ORDER

Before the Court is a motion for partial summary judgment filed by defendant Encore Food Services, LLC ("Encore"). For the following reasons, the motion is denied.

## I.

Plaintiff Nestor Tercero ("Tercero") was injured while working as a galley hand on board the M/V OCEAN INTERVENTION. At the time he suffered his injuries, Tercero was employed by Encore. Tercero claims he was ordered by his supervisor—a cook employed by defendant Oceaneering International, Inc. ("Oceaneering")—to clean the ceiling in the mess room of the vessel. Tercero further alleges that, as he was cleaning the ceiling using a two-step stepstool, he lost his balance, placed his foot on a nearby swiveling stool mounted to a galley table, and fell to the floor.

Tercero sued Encore and Oceaneering, alleging negligence under the Jones Act. Encore argues that Tercero has failed to show that it committed any negligent act or omission. Accordingly, Encore seeks summary judgment as to all of Tercero's claims against it.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be

2

presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical and Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quotation omitted).

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### III.

### A.

"The Jones Act imposes liability on covered employers for ordinary negligence." *Alexander v. Global Fabrication, LLC*, No. 10-4421, 2011 WL 2899124, at *4 (E.D. La. July 18, 2011) (Barbier, J.). The standard to be applied to such negligence claims is one of ordinary prudence under the circumstances. *Fluker v. Manson Gulf, LLC*, 193 F. Supp. 3d 668, 674 (E.D. La. 2016) (Fallon, J.).

Included in the Jones Act duty laid upon an employer is "the broad obligation to provide a safe place for the seaman to work." *Alexander*, 2011 WL 2899124, at *4 Indeed, "[t]he law is well-settled" that this duty is "absolute and non-delegable." *Johnson v. Blue Marlin Servcs. Of Acadiana*, 713 F. Supp. 2d 592, 593 (E.D. La. 2010) (Zainey, J.).

"The law is also well-settled that this duty includes a duty to inspect third-party property for hazards and to protect the employee [from] possible defects." *Id.* "If, by a reasonable inspection the employer could have discovered the unsafe

3

condition, then the employer will be charged with notice of that condition." *Id.* "Accordingly, [a Jones Act] employer has the duty to inspect third-party ships to which it sends its employees to work upon." *Gant v. Southland Energy Services, LLC*, No. 12-840, 2013 WL 2921418, at *1 (E.D. La. June 12, 2013) (Africk, J.). "The fact that a Jones Act employer does not own or operate a vessel on which the employee works does not relieve the employer of the obligation to exercise reasonable care in providing the employee with a safe place to work." *Alexander*, 2011 WL 2899124, at *4.

With respect to causation, the Jones Act plaintiff's burden is "featherweight." *Matthews v. Weeks Marine, Inc.*, No. 15-1658, 2016 WL 866717, at *3 (E.D. La. March 7, 2016) (Barbier, J.). "The plaintiff need only establish that the actions of the [d]efendant contributed to the injury even in the slightest degree." *Id.*

**B.**

Encore argues that there is no evidence of its negligence. It contends that because it did not provide Tercero with the stepstool, require him to use it, or assign him the task of cleaning the mess room ceiling, it is not liable for Tercero's injuries. Encore further maintains that it could not have foreseen that Tercero would be asked to clean a ceiling using the stepstool at issue. Accordingly, Encore urges that it is free from fault.

Tercero argues that Encore had a duty to inspect the vessel on which he worked. He posits that an inspection may have led Encore to discover the possible "incompetence or carelessness of the crew" of the OCEAN INTERVENTION. Tercero

4

also contends that an inspection could have revealed to Encore "the myriad of tasks" that Tercero could have been assigned and the equipment which would be provided to accomplish such tasks. In short, Tercero insists that there are questions of fact as to whether Encore "fulfilled its duty to exercise reasonable care and to inspect the property of third parties and otherwise be fully advised of the tasks which would be assigned to its employees and the conditions under which those tasks would be performed."

Tercero also suggests that questions of fact exist as to whether Encore "contractually obligated itself to be responsible for the plaintiff's work aboard the OCEAN INTERVENTION and the conditions, equipment[,] and other matters required for such work." In support of this argument, Tercero points to the Contractor Access Agreement in place between Encore and Oceaneering in which Encore agreed to assume certain risks arising out of or related to the supply of equipment, materials, and supplies, and the performance of work by Encore employees on board the OCEAN INTERVENTION. Tercero argues that this agreement creates a colorable issue as to whether Encore exercised control over the vessel on which Tercero was working when he was injured.

## C.

The Court is not persuaded by Tercero's arguments concerning Encore's contractual liability. As Encore notes, it is clear that the assumption of risk contained in the Contractor Access Agreement "has to do with who pays for any injury claims" and not with Encore binding itself to assume any sort of control over the OCEAN

5

INTERVENTION. The agreement restricts Encore's entry on the vessel to those times permitted by Oceaneering and requires that Encore employees comply with Oceaneering instructions at all times while aboard the vessel. The agreement does not require Encore to supervise any of its employees assigned to the vessel, to handle any operations on the vessel, or to provide any supplies or equipment to the vessel. Tercero's argument that the agreement bound Encore to assert some level of control over the vessel, therefore, fails. *Cf. Alexander*, 2011 WL 2899124 (finding a colorable issue to arise from a contract that required a Jones Act employer to "solely and exclusively" undertake "the actual performance and supervision of all work" aboard a vessel).

Nevertheless, the Court concludes that the granting of summary judgment would be inappropriate, as genuine issues of material fact exist as to what measures Encore took to ensure that Tercero was provided with a safe place in which to work—in particular, whether the stepstool used by Tercero was unsafe; whether Encore was reasonable in failing to guard against any danger that the stepstool may have posed; and whether Encore should have discovered upon inspection or inquiry that it was unreasonable for Tercero's supervisor to assign him to clean ceilings using a stepstool. *See Alexander*, 2011 WL 2899124, at *4 ("[A] genuine issue exists as to whether a trier of fact would determine that there was an unsafe condition, namely, a lack of adequate handrails on the boat, or incompetence or carelessness of the boat's captain; and whether such conditions should have been discovered by employer Global upon a

reasonable inspection and/or inquiry."). Tercero's claims regarding Encore simply are not ripe for summary judgment on the current record.

This conclusion, however, does not mean that Tercero's case against Encore is an "open and shut" one simply because Encore may have failed in its duty to inspect the vessel. *See Johnson*, 713 F. Supp. 2d at 595. "Jones Act liability is not strict liability but rather it is grounded upon a finding of negligence. [Tercero] must still prove that some fault on the part of [Encore] caused his injuries." *Id*. The Court is highly skeptical of Tercero's ability to meet this burden and, if appropriate after hearing the evidence, it will not be timid when addressing the same by motion at trial.

**IV.**

For the foregoing reasons,

**IT IS ORDERED** that Encore's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, March 19, 2018.

*[signature]*
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**