UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

On February 8, 2018, the Court granted motions *in limine* filed by defendants Oceaneering International, Inc. ("Oceaneering") and Encore Food Services, LLC ("Encore"), which challenged the opinions of the plaintiff's expert, Robert Borison ("Borison"), and sought to exclude his testimony. Plaintiff Nestor Tercero ("Tercero") moves the Court to reconsider its previous decision. The Court declines Tercero's invitation.

### I.

The facts of this case are not complicated. Tercero was injured while working as a galley hand on board the M/V OCEAN INTERVENTION. At the time he suffered his injuries, Tercero was employed by Encore. Tercero claims he was ordered by his supervisor— a cook employed by Oceaneering—to clean the ceiling in the mess room of the vessel. Tercero further asserts that, as he was cleaning the ceiling using a two-step stepstool, he lost his balance, placed his foot on a nearby swiveling stool mounted to a galley table, and fell to the floor. Tercero then sued Encore and Oceaneering, alleging Jones Act negligence.

## II.

Tercero tendered Borison as a liability expert and offered a report in which Borison offered the following opinions:

> **EQUIPMENT PROBLEM**
>
> **OCEANEERING INTERNATIONAL AND ENCORE'S FAILURE TO PROVIDE MR. TERCERO WITH A SAFE PLACE TO WORK BY PROVIDING HIM A STEP STOOL THAT HAD SIDE RAIL EXTENSION FOR HIM TO BALANCE HIMSELF WHILE STANDING ON THE STEP STOOL.**
>
> Unless the worker had a hand hold on an adjacent vertical, a ladder or stool should have a means of the worker stabilizing himself while working from a ladder or stool. This is especially true when the worker is working from a ladder or stool in the open Gulf. The smallest movement of a vessel can cause a worker to lose his balance and fall. A three points of contact is required when climbing a ladder or stool. This standard cannot be afforded to the worker without a side rail extension, and this is particularly important while the vessel is operating in the open Gulf.[1]
>
> **SUPERVISION PROBLEM**
>
> **MR. TERCERO'S SUPERVISOR'S FAILURE TO ASSIGN HIS STAFF WITH JOBS THAT CAN BE DONE SAFELY WHILE THE VESSEL IS OPERATING IN THE OPEN GULF.**
>
> Assisting [sic] a worker to clean the ceiling from an unsupported step stool while the vessel in [sic] operating in the open gulf [sic] is unsafe and the work should never have been assigned. A three points of contact is required when climbing a ladder or stool. This standard cannot be afforded to the worker without a side rail extension, and this is particularly important while the vessel is operating in the open Gulf.[2]

---

[1] R. Doc. No. 26-2, at 8.
[2] *Id.*

Encore and Oceaneering filed timely motions *in limine* with respect to Borison's opinions and testimony, and the Court granted the motions. The Court concluded that "neither of Borison's opinions would assist the jury in its efforts to understand or determine a fact in issue because they relate to issues within the common knowledge, experience, and understanding of the lay juror."[3] The Court expressed its view that "testimony by Borison would bring to the jury no more than the lawyers can offer in argument and through presentation of fact witnesses."[4]

Tercero now asks the Court to reconsider its conclusions regarding Borison's opinions on the "three points of contact standard." Tercero argues that the concept is, in fact, outside the grasp of the jury relying on its common knowledge and experience.[5] In support of his request, Tercero points to the recent deposition of his supervisor, Cleodis Poindexter, who, when asked to describe the three points of contact idea, seemed to misunderstand what it entailed. Tercero also offers an unsworn declaration from Borison that embellishes on the meaning of three points of contact.[6] This "new evidence" notwithstanding, the Court sees no reason to stray from its prior decision.

Borison's report relies on a regulation from the Occupational Safety and Health Administration (OSHA), which advises employees to "maintain a 3-point (two hands

---

[3] R. Doc. No. 37, at 6.
[4] *Id.*
[5] *See* R. Doc. No. 44-1, at 2.
[6] The Court notes that Borison's declaration provides several statements not found in his expert report, and the expert disclosure deadline is long past.

3

and a foot, or two feet and a hand) contact on the ladder when climbing."⁷ The parties do not dispute this definition of the three points of contact concept. Rather, they disagree as to whether it requires expert explanation. It does not.

Tercero was allegedly ordered to clean the ceiling of a mess room on a vessel and given a two-step stepstool of the type seen below to complete the task.



Quite obviously, it appears impossible for anyone to keep two feet and one hand or two hands and one foot on the stool while cleaning the ceiling above, and Tercero will presumably argue at trial that he would have been in a more stable position had he been provided with a different ladder and been able to maintain three such points of

---

⁷ As previously noted by the Court, Tercero does not argue that the OSHA three-point contact regulation referenced in Borison's report mandates the applicable standard of care for the vessel at issue in this case. Rather, he argues that the three-point contact safety concept, as reflected in the OSHA regulation, should be considered by the jury as a more general example of the relevant standard of care.

4

contact while performing his work. Regardless of how Tercero's supervisor may have explained the three points of contact concept upon questioning, the argument that keeping two feet and one hand or two hands and one foot on a stool or ladder provides for more stability is easily digestible. It needs no elucidation from an expert. Borison's testimony is, therefore, unnecessary.

### III.

As before, the Court concludes that the facts of this straightforward slip-and-fall case are well within the domain of common sense matters for which the jury requires no expert assistance. Nothing in Borison's report requires expertise to comprehend. Borison's opinions and testimony, therefore, would not be helpful to the trier of fact.

Accordingly,

**IT IS ORDERED** that Tercero's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, May 24, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**