# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court are motions[1] *in limine* filed by defendants Oceaneering International, Inc. ("Oceaneering") and Encore Food Services, LLC ("Encore") (together, "defendants"). Both motions request that the Court prohibit plaintiff Nestor Tercero ("Tercero") from introducing into evidence photographs of step ladders along a Mardi Gras parade route. For the following reasons, the motions are granted.

### I.

Tercero alleges that he was injured while working as a galley hand on board the M/V OCEAN INTERVENTION. Tercero claims that he was ordered to clean the ceiling in the galley and that he was provided a small step ladder with which to perform the task. As he was cleaning the ceiling, Tercero fell from the step ladder, which he asserts was not a proper piece of equipment to perform the job. Tercero alleges that he sustained personal injuries as a result of the fall and he filed the present lawsuit asserting a variety of claims.

---

[1] R. Doc. No. 72, 76.

Tercero seeks to introduce into evidence six photographs of "exemplar" ladders, which "are meant to be examples of ladders that *should* and *could* have existed on the vessel at the time of the accident, or that *should* and *could* have been available to plaintiff at the time of the accident."[2]

Defendants ask the Court to prohibit the introduction of two of Tercero's photographs that show ladders set up along a Mardi Gras parade route.[3] Defendants argue that the photographs lack a proper foundation. Specifically, Oceaneering argues that Tercero does not provide information about the characteristics of the ladders, such as their weight-bearing capacity or the "appropriateness of their use in the work environment at issue in this case."[4] Encore adds that Tercero has not provided any proof with respect to whether the depicted ladders were designed for industrial use or whether they comply with industry standards.[5] Oceaneering also argues that the ladders depicted are not relevant and that, even if they are relevant, their relevance is outweighed by the dangers of unfair prejudice, confusion, and misleading the jury.[6]

Pursuant to Rule 402 of the Federal Rules of Evidence, only relevant evidence is admissible. And Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

---

[2] R. Doc. No. 91, at 1. The four photographs of "exemplar" ladders to which there is no objection have not been provided to the Court.
[3] R. Doc. Nos. 72-2, 72-3.
[4] R. Doc. No. 72-1, at 1.
[5] R. Doc. No. 76-1, at 1.
[6] R. Doc. No. 72-1, at 1–2; R. Doc. No. 76-1, at 1.

and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[T]he standard of relevance in an evidentiary context is not a steep or difficult one to satisfy." *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014). However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 356 (5th Cir. 2010) (citation omitted).

Tercero argues that a foundation is not needed for the photographs because they are only to be used as "exemplars." Tercero asserts that their purpose is not to show the jury anything that existed on the vessel at the time of the accident but, instead, what should or could have existed on the vessel.[7] Specifically, Tercero states that one of his allegations is that defendants should have ensured that Tercero had a safer ladder to use to perform his tasks.[8]

In his response, Tercero refers to a prior order by the Court in this matter, which excluded the proposed testimony of Tercero's expert, Robert Borison ("Borison").[9] Borison's testimony, in part, advised that vessel workers, such as Tercero, should maintain three points of contact when using a ladder or stool and

---

[7] R. Doc. No. 91, at 1.
[8] R. Doc. No. 91, at 2.
[9] R. Doc. No. 37.

that workers should use ladders or stools with side rail extensions, especially when the vessel is operating in the open Gulf of Mexico.[10]  The Court concluded that Borison's opinions would not "assist the jury in its efforts to understand or determine a fact in issue 'because they relate to issues within the common knowledge, experience, and understanding of the lay juror.'"[11]  The Court finds that the photographs of step ladders set up along a Mardi Gras parade route should be excluded for substantially the same reasons.

Tercero admits that "[p]hotographs of ladders used for safety with side rail extensions at Mardi Gras parades are likewise 'within the domain of common sense matters' for a great number of jurors in the Eastern District, and such ladders at Mardi Gras are used on solid ground, not subject to the vagaries of the motion of a vessel on water."[12]  The jury need not see photographs of ladders set up along a Mardi Gras parade route to understand what other types of ladders defendants could have made available on the vessel, and the photographs do not assist the jury in its effort to determine whether such ladders would have been a safer option on a vessel operating in the open Gulf of Mexico.[13]

---

[10] R. Doc. No. 37, at 5.

[11] R. Doc. No. 37, at 6 (citing *Arauio v. Treasure Chest Casino*, No. 97-3043, 1999 WL 219771, at *2 (E.D. La. Apr. 14, 1999) (Clement, J.)).

[12] R. Doc. No. 91, at 3.

[13] As the Court understands it, the parties do not dispute that there were other taller ladders available in the marketplace which would have been safer for Tercero to use in connection with the task being performed by Tercero at the time of the accident. The Court does not preclude Tercero from arguing that other safer step ladders were available in the marketplace at the time of Tercero's accident.

Regardless of whether Tercero has provided the proper foundation for the Mardi Gras ladders, the Court finds that the above-described photographs must be excluded pursuant to Rules 401 and 403 because the probative value of the photographs is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time.

Accordingly,

**IT IS ORDERED** that defendants' motions *in limine* to exclude Tercero's photographs of step ladders along a Mardi Gras parade route are **GRANTED**.

New Orleans, Louisiana, February 12, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**