UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NESTOR TERCERO | * | CIVIL ACTION NO. 17-7438 |
| | * | |
| | * | SECTION: "I"(1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| OCEANEERING INTERNATIONAL, INC., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is Nester Tercero's Motion for Sanctions. (Rec. Doc. 127). For the following reasons, the motion is DENIED.

Background

This case concerns an injury allegedly suffered by Nestor Tercero when he fell from a ladder while cleaning the ceiling of the M/V OCEAN INTERVENTION. Trial was set to begin on February 11, 2019, but on January 22, 2019, the trial was continued because Tercero intended to argue at trial that he was the borrowed servant of defendant Oceaneering International, Inc. at the time of the accident. Trial is now set to begin on April 8, 2019. At the time the trial was continued, the discovery deadline had passed, but the district court ordered that "the parties can agree to the date of plaintiff's deposition, as well as any deadlines regarding additional discovery that must be taken, which shall be limited to the borrowed servant issue." (Rec. Doc. 69).

On February 7, 2019, the undersigned held a discovery status conference with the parties and granted plaintiff's then pending motion to compel in part. (Rec. Doc. 119). The court ordered that:

> By February 22, 2019, Oceaneering shall produce the insurance policy for which it has already produced the declaration sheet; Oceaneering shall supplement its response to request for production 12; and Oceaneering shall supplement its

1

> response to requests for production 18 and 19, provided that the time period shall
> be limited to two weeks before and two weeks after the incident.

Id. The parties were also ordered to conduct certain perpetuation depositions of Oceaneering employees with a discovery deposition on the borrowed servant issue to be conducted immediately beforehand. Id. A dispute arose as to the scheduling of those depositions, and the undersigned held a telephone status conference with the parties on February 21, 2019. At that time, the court ordered that Oceaneering "determine when Walsh will be disembarking from his vessel, and the parties shall schedule his deposition as soon as possible thereafter in the New Orleans area." (Rec. Doc. 125). The parties subsequently notified the court that they scheduled the Walsh deposition in Morgan City, Louisiana, on February 27, 2019.

On February 22, 2019, Oceaneering served its answers to Tercero's supplemental discovery requests as ordered. However, Oceaneering failed to produce responses to plaintiffs' requests for production 12, 18, and 19 as the court had also ordered. When Tercero inquired as to the status of the documents, Oceaneering's counsel responded that he had not yet received the documents from his client but hoped to have them by Tuesday, February 26, 2019 and would produce them immediately.

On Sunday, February 24, 2019, Oceaneering had still not produced the documents and Tercero filed the present motion for sanctions arguing that he would be prejudiced in his ability to depose Walsh as a result of Oceaneering's delay. Tercero submits that Oceaneering has engaged in a pattern of delay that is evidenced by its response to Tercero's supplemental interrogatory 2, which asked Oceaneering to identify witnesses who would testify on the borrowed servant issue. Oceaneering objected, stating that the response was protected by the "attorney-client privilege since plaintiff never took the time to depose the appropriate persons employed by Oceaneering to discover the answers to this Interrogatory." Tercero submits that sanctions are appropriate under

2

Rule 37(b)(2). He seeks an order striking Oceaneering's defenses, an order prohibiting Oceaneering's witnesses—including Walsh—from testifying, an order establishing Tercero is the borrowed servant of Oceaneering, and any other just order.

Oceaneering ultimately produced the documents on February 26, 2019. Oceaneering points out this was only two business days after the ordered date. It explains that the delay was due to a misunderstanding between counsel and client regarding the exact nature of the documents to be produced. It insists that Tercero cannot establish any bad faith, willfulness, or contumacious conduct. Oceaneering argues that Tercero has not suffered any prejudice, noting that his counsel was able to conduct an effective examination of Walsh using the documents produced. Oceaneering adds that it had a Rule 37 conference with Tercero regarding the discovery responses described in the motion and that Oceaneering provided supplemental responses and additional documents on February 26, 2019. Oceaneering notes that prior to the delayed production at issue here, it has not violated any other court orders and it insists that sanctions are not appropriate here.

In reply, Tercero notes that the documents produced by Oceaneering the day before the Walsh deposition amounted to over 1,400 pages. Of this, about 556 pages were manuals. Tercero complains there is no reason Oceaneering could not have produced the manuals earlier. Tercero points out that to prepare for the deposition, his counsel had to pull relevant documents from the 1,400 pages and prepare questions related thereto. Counsel also had to drive to Morgan City for the deposition. Tercero adds that it appears Walsh was not on a vessel as previously reported by Oceaneering. Instead he had been in Amelia, Louisiana for a month and would be leaving to return home to Pennsylvania a few days following the deposition on a flight departing out of New Orleans. Tercero suggests that the deposition could have been conducted on another date or that it might have been possible to produce Walsh in New Orleans.

Law and Analysis

1. *Rule 37 Sanctions*

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. Proc. 37(b)(2)(A). Possible sanctions include treating the failure as contempt of court, directing that certain facts be taken as established for purposes of the action, or prohibiting a disobedient party from opposing designated claims. Id. In addition or instead of one of the sanctions enumerated in Rule 37(b)(2)(A), the court may order "the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. R. 37(b)(2)(C).

"[U]sually . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (quoting Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990)). "Lesser sanctions do not require a finding of willfulness." Id. But even an award of attorney's fees is penal in nature. Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 516 (5th Cir. 1985). As the Fifth Circuit explained, such an award "it is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct." Id. Importantly, when awarding attorney's fees, the Court can only order payment of those expenses actually "caused by the failure to comply." Id.

2. *Oceaneering's Conduct*

There is no dispute that Oceaneering failed to comply with the court's discovery order. The court finds that Oceaneering's delay prejudiced Tercero, who was forced to review 1,400 new

4

pages of documents on the day before the Walsh deposition when he should have had four days to do so. Oceaneering describes a misunderstanding as the reason for its delay, but this does not entirely excuse its failure to timely comply with the court's order, especially in light of the Walsh deposition scheduled on February 27, 2019. While Oceaneering did ultimately comply, at the time plaintiff filed this motion, Oceaneering merely "hoped" to have the documents by February 26, 2019. The motion may have been necessary to ensure that Oceaneering's document production was actually made on that date and not on the day of or following the Walsh deposition.

Nonetheless, the court finds no evidence of willfulness in Oceaneering's delayed production of documents. Additionally, although Tercero's counsel represents that he had a lot of work to do the day before the deposition, he has not identified any specific documents that he was unable to identify from the mass of 1,400 pages until after the deposition. At this time, then, it does not appear necessary to order a second deposition of Walsh. The court notes that the borrowed servant issue was being developed at this late date, and on an expedited basis, as a result of plaintiff's actions, not Oceaneering's. Accordingly, the severe sanctions proposed by Tercero (prohibiting Oceaneering's witnesses from testifying or deeming Tercero the borrowed servant of Oceaneering) are not appropriate here.

The court does, however, caution all counsel regarding compliance in discovery related issues. It finds baseless Oceaneering's objection that Tercero's supplemental interrogatory 2, which asked Oceaneering to identify witnesses who would testify on the borrowed servant issue, was protected by the "attorney-client privilege since plaintiff never took the time to depose the appropriate persons employed by Oceaneering to discover the answers to this Interrogatory." It notes a heavy-handed approach to alleged "unilateral scheduling" of a Rule 37 conference, in which Oceaneering's counsel was not unavailable on the date and time set, merely objecting that

5

they were not consulted in advance. Finally, given the discussions held on this issue, the court is surprised to learn that the deponent Walsh was not offshore, was actually in Amelia, Louisiana, and was flying out of New Orleans. However, since Oceaneering did not have the opportunity to brief this last issue as it arose in the Reply, the court will issue no sanctions, merely an admonishment to all litigants that they need to cooperate in discovery and be scrupulously honest in their representations to opposing counsel and the court.

## Conclusion

For the foregoing reasons, Tercero's Motion for Sanctions (Rec. Doc. 127) is DENIED.

New Orleans, Louisiana, this 19th day of March, 2019.

                                              Janis van Meerveld
                                       United States Magistrate Judge