**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL, INC. ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] *in limine* filed by plaintiff Nestor Tercero ("Tercero") to exclude certain portions of Patrick Walsh's deposition testimony. Tercero also filed a supplemental motion[2] *in limine* to exclude certain portions of his own deposition testimony. For the following reasons, the motion is sustained in part and overruled in part. The supplemental motion is sustained in part, overruled in part, and dismissed in part.

### I.

The facts of this case are familiar to the Court. Tercero alleges that he was injured on September 7, 2016 while working as a galley hand on board the M/V OCEAN INTERVENTION. Tercero claims that he slipped from a small step ladder when he was cleaning the galley ceiling, having been ordered to do so by the cook, an Oceaneering employee. Tercero asserts that the assigned ladder was an improper piece of equipment with which to perform the task, and he alleges that he sustained personal injuries as a result of the fall.

---

[1] R. Doc. No. 146.
[2] R. Doc. No. 149.

Tercero asserts claims for general maritime negligence and unseaworthiness, as well as a claim for Jones Act negligence, against Oceaneering. At the time of the accident, Tercero was employed by Encore Food Services, LLC ("Encore"). However, he asserts that he was a borrowed servant of Oceaneering at the time of his accident and, therefore, that he can recover for Oceaneering's negligence under the Jones Act.

## II.

Tercero objects to the inclusion of certain portions of Patrick Walsh's ("Walsh") deposition testimony.[3] At the time of the accident, Walsh was employed by Oceaneering as a bridge officer/acting chief officer.[4] The Court takes each objection in turn.

## A.

Deposition transcript page 23:1–9 (Doc. 146-2): The question as to what "a galley hand would know how to do" calls for speculation. The better phrased question at page 23:10–14 is not objected to by Tercero.[5] The objection is sustained.

## B.

Deposition transcript page 24:6–13 (Doc. 146-2): Tercero objects to this portion of Walsh's deposition testimony, asserting that Walsh was an employee of Oceaneering and that his answers were induced by leading questions from counsel for Oceaneering. The question was a development of the testimony and clarification

---

[3] R. Doc. No. 146-1.
[4] R. Doc. No. 150-1, at 5 (deposition of Patrick Walsh).
[5] R. Doc. No. 146-2, at 2 (deposition of Patrick Walsh).

of the statement made by Walsh directly before this portion of his testimony. The objection is overruled.

Deposition transcript page 24:14–18 (Doc. 146-2): The objection is sustained as leading.

Deposition transcript page 24:19–22 (Doc. 146-2): The objection is overruled as the question was rephrased in response to Tercero's objection.

**C.**

Deposition transcript page 25:19–23 (Doc. 146-2): The testimony is Oceaneering's counsel's description of Tercero's claims. It is not Walsh's testimony. The objection is sustained.

**D.**

Deposition transcript pages 64:14–65:9 (Doc. 146-2, 150-1): The objection is sustained as the witness's subjective description of his difficulty scale is irrelevant and it will not assist the jury.[6]

**E.**

Deposition transcript page 67:13–16 (Doc. 146-2): The objection is sustained as leading.

Deposition transcript page 67:17–21 (Doc. 146-2): The objection is overruled as the question was rephrased in response to Tercero's objection.

---

[6] Tercero failed to attach page 65 of Walsh's deposition testimony to his motion, but Oceaneering included page 65 in its response. R. Doc. No. 150-1, at 13.

## III.

In Tercero's supplemental motion *in limine*, Tercero objects to portions of his own deposition testimony. The Court takes each objection in turn.

## A.

Deposition transcript pages 107:1–108:13 (Doc. 149-2): On cross-examination, counsel for Oceaneering questioned Tercero about his work as a galley hand for Sonoco and the fact that he was discharged by Sonoco for avoiding his galley hand responsibilities. Tercero objects to this questioning pursuant to Rules 401 and 403, arguing that this questioning and the attached exhibit[7] are irrelevant because there is no evidence in this case that Tercero was terminated for avoiding galley hand responsibilities.[8]

Oceaneering argues that the objection to the attached exhibit is untimely as it has been listed as an unobjected-to exhibit in every pretrial order submitted to the Court. Regardless, the Court exercises its discretion to entertain the objection.

The objection is sustained as Tercero's testimony and the attached exhibit are not relevant under Rule 401. Furthermore, to the extent that the testimony and attached exhibit are relevant, they are excluded under Rule 403 because their

---

[7] R. Doc. No. 149-3.

[8] Tercero testified that he did not know he was "written up" by Sonoco. R. Doc. No. 149-2, at 2. The Court notes that the unobjected-to deposition testimony at page 108:18–25 also relates to the objected-to document, and Tercero testified that he did not know about the document or the substance of the document. R. Doc. No. 149-2, at 3.

probative value is substantially outweighed by the danger of causing unfair prejudice, confusing the issues, and wasting time.

**B.**

Deposition transcript page 124:11–15 (Doc. 149-2): The objection is overruled. Tercero may request a jury charge that will clarify the same.

**C.**

Deposition transcript pages 126:24–132:14 (Doc. 149-2): The objection is dismissed without prejudice, reserving to Tercero the right to reurge the same at trial.[9]

**D.**

Deposition transcript pages 132:20–136:2 (Doc. 149-2): The objection is dismissed without prejudice, reserving to Tercero the right to reurge the same at trial.[10]

**E.**

Deposition transcript page 139:22–140:5 (Doc. 149-2): Out of pocket expenses are not at issue. Further, Tercero testified (referring to any out of pocket expenses), "My lawyer take care of it." The objection is sustained because the testimony is not relevant under Rule 401. However, to the extent that it is relevant, the testimony is excluded under Rule 403 because its probative value is substantially outweighed by the danger of causing unfair prejudice, confusing the issues, and misleading the jury.

---

[9] R. Doc. No. 131, at 7–11.
[10] *Id.*

**IV.**

Accordingly,

**IT IS ORDERED** that Tercero's motion *in limine* to exclude portions of Patrick Walsh's deposition testimony is **SUSTAINED IN PART** and **OVERRULED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that Tercero's supplemental motion *in limine* to exclude portions of Tercero's deposition testimony is **SUSTAINED IN PART**, **OVERRULED IN PART**, and **DISMISSED WITHOUT PREJUDICE IN PART**, as stated herein.

New Orleans, Louisiana, April 2, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**