**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL INC. ET AL.** | **SECTION I** |

# JURY INSTRUCTIONS

**INSTRUCTIONS TO THE JURY**

IT IS MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE. THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW. IT IS YOUR DUTY TO FOLLOW WHAT I INSTRUCT YOU THE LAW IS, REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR EITHER PARTY, YOU MUST DISREGARD THAT IMPRESSION. IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION. YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS, WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE

ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFF OR THE DEFENDANT IN ARRIVING AT YOUR VERDICT.[1]

[1] Fifth Circuit Pattern Jury Instruction 3.1 (2014).

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

PLAINTIFF NESTOR TERCERO HAS THE BURDEN OF PROVING HIS CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT TERCERO HAS FAILED TO PROVE ANY ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN HE MAY NOT RECOVER ON THAT CLAIM.[2]

[2] Fifth Circuit Pattern Jury Instruction 3.2 (2014).

## EVIDENCE

THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE. ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.[3]

[3] Fifth Circuit Pattern Jury Instruction 3.3 (2014).

**STIPULATIONS**

A "STIPULATION" IS AN AGREEMENT. WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE OR "STIPULATE" TO THOSE FACTS. YOU MUST ACCEPT A STIPULATED FACT AS EVIDENCE AND TREAT THAT FACT AS HAVING BEEN PROVEN HERE IN COURT.[4]

[4] Fifth Circuit Pattern Jury Instruction 2.3 (2014).

## DEMONSTRATIVE EVIDENCE

CERTAIN EXHIBITS ARE ILLUSTRATIONS. SUCH EXHIBITS ARE A PARTY'S DESCRIPTION, PICTURE, OR MODEL USED TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.[5]

[5] Fifth Circuit Pattern Jury Instruction 2.8 (2014).

**WITNESSES**

YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES. IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES. HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE? HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND? YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES. WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED. THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE. THE TESTIMONY OF A SINGLE

WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.[6]

[6] Fifth Circuit Pattern Jury Instruction 3.4 (2014).

## EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.[7]

[7] Fifth Circuit Pattern Jury Instruction 3.5 (2014).

**OBJECTIONS**

DURING THE COURSE OF TRIAL YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEYS ON ALL SIDES OF A CASE TO OBJECT WHEN ANOTHER ATTORNEY OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THAT QUESTION. THE SAME RULE APPLIES WHEN THE COURT HAS SUSTAINED AN OBJECTION TO COUNSEL'S ARGUMENT.

## LIMITING INSTRUCTION

WHEN TESTIMONY OR AN EXHIBIT IS ADMITTED FOR A LIMITED PURPOSE, YOU MAY CONSIDER THAT TESTIMONY OR EXHIBIT ONLY FOR THE SPECIFIC LIMITED PURPOSE FOR WHICH IT WAS ADMITTED.[8]

[8] Fifth Circuit Pattern Jury Instruction 2.6 (2014).

## BENCH CONFERENCES AND RECESSES

AT TIMES DURING THE TRIAL IT HAS BEEN NECESSARY FOR ME TO TALK WITH THE LAWYERS HERE AT THE BENCH OUT OF YOUR HEARING, OR BY CALLING A RECESS. WE MEET BECAUSE OFTEN DURING A TRIAL SOMETHING COMES UP THAT DOESN'T INVOLVE THE JURY. YOU SHOULD DISREGARD THESE CONFERENCES.

**IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENT**

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.[9]

[9] Fifth Circuit Pattern Jury Instruction 2.11 (2014).

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS A WITNESS WAS ASKED IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS HAVE BEEN RECOUNTED TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.[10]

---

[10] Fifth Circuit Pattern Jury Instruction 2.13 (2014).

**NO INFERENCE FROM FILING SUIT**

THE FACT THAT A PERSON BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE THAT THE PERSON IS ENTITLED TO A JUDGMENT. ANYONE MAY MAKE A CLAIM AND FILE A LAWSUIT. THE ACT OF MAKING A CLAIM IN A LAWSUIT, BY ITSELF, DOES NOT IN ANY WAY TEND TO ESTABLISH THAT CLAIM AND IS NOT EVIDENCE.[11]

[11] Fifth Circuit Pattern Jury Instruction 3.6 (2014).

## BIAS—CORPORATE PARTY INVOLVED

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.[12]

[12] Fifth Circuit Pattern Jury Instruction 2.16 (2014).

**<u>THE COURT'S QUESTIONS TO WITNESSES</u>**

DURING THE COURSE OF THE TRIAL I HAVE ASKED QUESTIONS OF WITNESSES. SUCH QUESTIONS DO NOT INDICATE THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE. NOTHING I HAVE SAID OR DONE SHOULD LEAD YOU TO BELIEVE THAT I HAVE ANY OPINION ABOUT THE FACTS, NOR BE TAKEN AS INDICATING WHAT YOUR VERDICT SHOULD BE.

**DESCRIPTION OF THE CLAIMS**

PLAINTIFF NESTOR TERCERO CLAIMS THAT HE SUFFERED A SERIOUS INJURY WHEN HE WAS WORKING AS A GALLEY HAND ON BOARD THE M/V OCEAN INTERVENTION, A VESSEL OWNED AND OPERATED BY DEFENDANT OCEANEERING INTERNATIONAL, INC.

ACCORDING TO TERCERO, HE FELL FROM A STEPLADDER WHILE CLEANING THE CEILING IN THE GALLEY OF THE M/V OCEAN INTERVENTION. TERCERO CLAIMS THAT HE SUFFERED DAMAGES AS A RESULT OF OCEANEERING'S NEGLIGENCE AND AS A RESULT OF OCEANEERING'S UNSEAWORTHY VESSEL, TERMS WHICH I WILL LATER EXPLAIN TO YOU.

OCEANEERING DENIES THAT IT WAS NEGLIGENT IN ANY MANNER. OCEANEERING ALSO DENIES THAT ITS VESSEL WAS UNSEAWORTHY IN ANY MANNER. OCEANEERING ALSO CLAIMS THAT, TO THE EXTENT THAT TERCERO HAS ANY INJURIES RESULTING FROM HIS FALL FROM THE STEPLADDER OR STEPSTOOL, THE FALL WAS CAUSED BY HIS OWN NEGLIGENCE. OCEANEERING ALSO DISPUTES TERCERO'S DAMAGES CLAIMS.

IT IS FOR YOU, THE JURY, TO DETERMINE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED TO YOU.

**UNSEAWORTHINESS/JONES ACT/GENERAL MARITIME NEGLIGENCE**

TERCERO IS ASSERTING THREE CLAIMS AGAINST OCEANEERING.

TERCERO'S FIRST CLAIM AGAINST OCEANEERING IS THAT THE UNSEAWORTHINESS OF THE M/V OCEAN INTERVENTION CAUSED TERCERO'S INJURIES.

TERCERO'S SECOND CLAIM, UNDER A FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT OCEANEERING WAS NEGLIGENT, AND THAT THIS NEGLIGENCE CAUSED HIS INJURIES.

TERCERO'S THIRD CLAIM, UNDER GENERAL MARITIME LAW, IS THAT OCEANEERING WAS NEGLIGENT, AND THAT THIS NEGLIGENCE CAUSED HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. TERCERO IS NOT REQUIRED TO PROVE ALL OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES ANY ONE OF THEM. HOWEVER, TERCERO MAY RECOVER ONLY THOSE DAMAGES THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES MORE THAN ONCE.[13]

I WILL NOW EXPLAIN EACH OF TERCERO'S CLAIMS IN MORE DETAIL.

---

[13] Adapted from Fifth Circuit Pattern Jury Instruction 4.3 (2014).

**UNSEAWORTHINESS**

TERCERO SEEKS DAMAGES FOR PERSONAL INJURY THAT HE CLAIMS WAS CAUSED BY THE UNSEAWORTHINESS OF OCEANEERING'S VESSEL, THE M/V OCEAN INTERVENTION.

A SHIPOWNER OWES EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL AND ALL ITS DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND ON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES THE DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. FOR EXAMPLE, A VESSEL MAY BE UNSEAWORTHY, EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE VESSEL OWNER IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. OCEANEERING NEED ONLY FURNISH A VESSEL AND APPURTENANCES THAT ARE REASONABLY FIT FOR THE INTENDED

USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THE ASSIGNED TASKS.

THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST CREWS, ON ITS VESSEL. IT IS REQUIRED TO PROVIDE ONLY GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE VESSEL OWNER DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT NUMBER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND OCEANEERING IS NOT LIABLE TO TERCERO ON THE CLAIM OF UNSEAWORTHINESS.[14]

---

[14] Fifth Circuit Pattern Jury Instruction 4.5 (2014).

**JONES ACT NEGLIGENCE**

UNDER THE JONES ACT, TERCERO MUST PROVE THAT OCEANEERING WAS NEGLIGENT. NEGLIGENCE IS DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE WAS NEGLIGENT OR THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD “NEGLIGENCE” IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT OCEANEERING OWES TO TERCERO WHO IS A SEAMAN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW. UNDER THE JONES ACT, IF OCEANEERING’S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF TERCERO’S INJURY, THEN YOU MUST FIND THAT OCEANEERING IS LIABLE UNDER THE JONES ACT. IN OTHER WORDS, UNDER THE JONES ACT, OCEANEERING BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING TERCERO’S INJURY.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. OCEANEERING HAD A DUTY TO PROVIDE TERCERO WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT TERCERO WAS INJURED BECAUSE OCEANEERING FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT TERCERO’S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE

THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT OCEANEERING WAS NEGLIGENT.

THE FACT THAT OCEANEERING CONDUCTED OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER OCEANEERING WAS NEGLIGENT OR NOT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAD BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE, HOWEVER, MERELY BECAUSE IT INJURES SOMEONE.

OCEANEERING IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT OCEANEERING ASSIGNED TERCERO TO PERFORM A TASK THAT TERCERO WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT OCEANEERING WAS NEGLIGENT.[15]

[15] Adapted from Fifth Circuit Pattern Jury Instruction 4.4 (2014).

## GENERAL MARITIME LAW NEGLIGENCE[16]

TERCERO HAS ASSERTED A GENERAL MARITIME NEGLIGENCE CLAIM AGAINST OCEANEERING FOR THE ALLEGED NEGLIGENT CONDUCT OF OCEANEERING AND ITS EMPLOYEE. OCEANEERING CAN BE HELD RESPONSIBLE FOR NEGLIGENT AND WRONGFUL ACTS COMMITTED BY ITS EMPLOYEES WHILE ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT WITH OCEANEERING.[17]

IN ORDER TO RECOVER DAMAGES FROM OCEANEERING, WITH RESPECT TO THIS MARITIME NEGLIGENCE CLAIM, TERCERO MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT OCEANEERING OWED A DUTY TO TERCERO; THAT OCEANEERING BREACHED THAT DUTY; THAT TERCERO SUSTAINED AN INJURY; AND THAT THERE EXISTS A CAUSAL CONNECTION BETWEEN OCEANEERING'S BREACH OF DUTY AND TERCERO'S INJURY.

---

[16] *In re Complaint of ENSCO Offshore Co.*, 9 F. Supp. 3d 713, 721 (S.D. Tex. 2014) (citing *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201 (5th Cir. 2010)).

[17] *Johnson v. GlobalSantaFe Offshore Servs., Inc.*, 799 F.3d 317, 320–21 (5th Cir. 2015); *Johnson v. PPI Tech. Servs., L.P.*, 13 F. Supp. 3d 614, 619–20 (E.D. La. 2014) (Barbier, J.) (citing *Stoot v. D & D Catering Serv., Inc.*, 807 F.2d 1197, 1199 (5th Cir. 1987)).

UNDER THIS CLAIM, OCEANEERING OWED TO TERCERO A DUTY TO EXERCISE REASONABLE CARE UNDER THE CIRCUMSTANCES. A PERSON FAILS TO EXERCISE REASONABLE CARE IF HE DOES SOME ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO OR IF HE FAILS TO DO SOME ACT THAT A REASONABLY PRUDENT PERSON WOULD DO UNDER THE SAME OR SIMILAR CIRCUMSTANCES. IN MAKING THIS DETERMINATION, BEAR IN MIND THAT A VESSEL CREW MEMBER IS RESPONSIBLE NOT ONLY FOR WHAT HE ACTUALLY KNEW AT THE TIME OF THE ACCIDENT, BUT ALSO FOR WHAT HE SHOULD HAVE KNOWN.[18] IT IS UP TO YOU, THE JURY, TO DETERMINE WHETHER OCEANEERING BREACHED ITS DUTY TO EXERCISE REASONABLE CARE UNDER THE CIRCUMSTANCES.

---

[18] *Benton v. Diamond Servs., Inc.*, 16 F.3d 1215, *2 (5th Cir. 1994) (citing with approval similar district court instructions to the jury).

## CONTRIBUTORY NEGLIGENCE

OCEANEERING CONTENDS THAT TERCERO WAS NEGLIGENT AND THAT TERCERO'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE.

IF TERCERO'S NEGLIGENCE CONTRIBUTED TO HIS INJURY, HE MAY STILL RECOVER DAMAGES, BUT THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE. DEFENDANT OCEANEERING HAS THE BURDEN OF PROVING THAT TERCERO WAS CONTRIBUTORILY NEGLIGENT BY A PREPONDERANCE OF THE EVIDENCE AS PREVIOUSLY DEFINED.

A SEAMAN IS OBLIGATED TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.[19]

[19] Contributory negligence applies to both Jones Act negligence and negligence under general maritime law. *Martinez v. Offshore Spec. Fabricators, Inc.*, No. 08-4224, 2011 WL 1527096, at *7 (E.D. La. Apr. 20, 2011) (Fallon, J.) (citing *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992); *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008); *Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir. 1989); *Comeaux v. T.L. James & Co., Inc.*, 666 F.2d 294, 299 (5th Cir. 1982)).

IF YOU FIND EITHER THAT

- NEGLIGENCE CAUSED IN WHOLE OR IN PART TERCERO'S INJURY, AND THAT THE INJURY WAS ALSO CAUSED IN WHOLE OR IN PART BY TERCERO'S CONTRIBUTORY NEGLIGENCE

**OR**

- THE UNSEAWORTHINESS OF THE M/V OCEAN INTERVENTION WAS A CAUSE AND A PROXIMATE CAUSE OF TERCERO'S INJURY, AND THAT TERCERO'S CONTRIBUTORY NEGLIGENCE ALSO WAS A CAUSE AND A PROXIMATE CAUSE OF HIS INJURY

YOU MUST THEN DETERMINE THE PERCENTAGE TERCERO'S NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE JURY QUESTIONS. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO TERCERO. IT IS MY JOB TO REDUCE ANY DAMAGES THAT YOU AWARD BY ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO TERCERO.

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, DIFFERENT RULES APPLY TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS AND GENERAL MARITIME NEGLIGENCE CLAIMS.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE SEAMAN'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING THE PLAINTIFF'S INJURY.

WITH RESPECT TO THE UNSEAWORTHINESS AND THE GENERAL MARITIME NEGLIGENCE CLAIMS, THE SEAMAN MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION OR NEGLIGENCE WAS A CAUSE OF THE INJURY, BUT THAT SUCH UNSEAWORTHY CONDITION OR NEGLIGENCE WAS A PROXIMATE CAUSE OF THE INJURY. THIS MEANS THAT TERCERO MUST SHOW THAT THE UNSEAWORTHY CONDITION OR NEGLIGENCE IN QUESTION PLAYED A SUBSTANTIAL PART OR WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A

REASONABLY PROBABLE CONSEQUENCE OF THE UNSEAWORTHY CONDITION OR NEGLIGENCE.[20]

LIKEWISE, FOR THE UNSEAWORTHINESS AND GENERAL MARITIME NEGLIGENCE CLAIMS, PROOF OF TERCERO'S CONTRIBUTORY NEGLIGENCE REQUIRES OCEANEERING TO PROVE, NOT MERELY THAT TERCERO'S CONTRIBUTORY NEGLIGENCE WAS A CAUSE OF THE INJURY OR DAMAGE, BUT THAT TERCERO'S NEGLIGENCE WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT OCEANEERING MUST PROVE THAT TERCERO'S NEGLIGENCE PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF TERCERO'S NEGLIGENCE.[21]

---

[20] Adapted from Fifth Circuit Pattern Jury Instruction 4.6 (2014).

[21] *See Alcarez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1043 (5th Cir. 1982).

## BORROWED SERVANT

ON THE DATE OF THE ACCIDENT, TERCERO HAD BEEN ASSIGNED BY ENCORE FOOD SERVICES, LLC TO WORK ON OCEANEERING'S VESSEL, THE M/V OCEAN INTERVENTION. A THIRD PERSON OR A THIRD PARTY WHO BORROWS A WORKER MAY BECOME HIS EMPLOYER IF THE BORROWING EMPLOYER EXERCISED ENOUGH CONTROL OVER THE WORKER.[22] TERCERO WAS EMPLOYED BY ENCORE. HOWEVER, TERCERO CLAIMS THAT HE WAS A BORROWED SERVANT OF OCEANEERING AT THE TIME OF HIS ACCIDENT. THIS IS REFERRED TO UNDER THE LAW AS THE "BORROWED SERVANT" DOCTRINE.

THE LAW HAS ESTABLISHED NINE (9) FACTORS FOR YOU TO CONSIDER WHEN DETERMINING WHETHER TERCERO WAS THE BORROWED SERVANT OF OCEANEERING. WHILE THE COURT WILL MAKE THE ULTIMATE DECISION ABOUT WHETHER TERCERO WAS OCEANEERING'S BORROWED SERVANT, IT IS YOUR JOB TO MAKE FINDINGS OF FACT AS TO THE FOLLOWING FACTORS:

---

[22] *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980) (citing *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975), *Barrios v. Louisiana Construction Materials, Co.*, 465 F.2d 1157 (5th Cir. 1972), *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969)); *Moreau v. Weston Solutions, Inc.*, No. 17-994, 2017 WL 3167656, at *2 (E.D. La. 7/26/17) (Feldman, J.).

(1) WHO HAD CONTROL OVER TERCERO AND THE WORK HE WAS PERFORMING, BEYOND MERE SUGGESTION OF DETAILS OR COOPERATION?

(2) WHOSE WORK WAS BEING PERFORMED?

(3) WAS THERE AN AGREEMENT, UNDERSTANDING, OR MEETING OF THE MINDS BETWEEN ENCORE AND OCEANEERING?

(4) DID TERCERO ACQUIESCE IN THE NEW WORK SITUATION?

(5) DID ENCORE TERMINATE ITS RELATIONSHIP WITH TERCERO?

(6) WHO FURNISHED THE TOOLS AND PLACE FOR PERFORMANCE?

(7) WAS THE NEW EMPLOYMENT—TERCERO'S ALLEGED EMPLOYMENT WITH OCEANEERING—OVER A CONSIDERABLE LENGTH OF TIME?

(8) WHO HAD THE RIGHT TO DISCHARGE TERCERO?

(9) WHO HAD THE OBLIGATION TO PAY TERCERO?[23]

I WILL NOW GIVE YOU INSTRUCTIONS AS TO SOME SPECIFIC FACTORS. HOWEVER, SOME OF THE FACTORS DO NOT HAVE INSTRUCTIONS BECAUSE THEY ARE SELF-EXPLANATORY. THE PARTIES HAVE AGREED THAT THE SEVENTH FACTOR—WHETHER TERCERO'S NEW EMPLOYMENT WAS OVER A CONSIDERABLE LENGTH OF TIME— IS NOT AT ISSUE AND YOU NEED NOT DELIBERATE AS TO THAT FACTOR.

---

[23] *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312–13 (5th Cir. 1969).

**FACTOR ONE—CONTROL**

TO DETERMINE WHO HAD CONTROL OVER TERCERO AND THE WORK HE WAS PERFORMING, IT IS NECESSARY TO DISTINGUISH BETWEEN AUTHORITATIVE DIRECTION AND CONTROL, AND MERE SUGGESTION AS TO DETAILS OR THE NECESSARY COOPERATION, WHERE THE WORK FURNISHED IS PART OF A LARGER UNDERTAKING.[24]

WHEN CONSIDERING THIS FACTOR, YOU MAY CONSIDER WHETHER OR NOT OCEANEERING OR ITS EMPLOYEES TOLD TERCERO WHAT WORK TO DO AND WHEN AND WHERE TO DO IT. TO FIND THAT OCEANEERING HAD CONTROL OVER TERCERO, YOU DO NOT HAVE TO FIND THAT OCEANEERING DIRECTED EACH AND EVERY ACTION TAKEN BY TERCERO.[25]

---

[24] *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 313 (5th Cir. 1969); *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988); *Kindred v. Blake Int'l Holdings, L.L.C.*, 805 F. Supp. 2d 278, 282 (E.D. La. 2011) (Lemmon, J.); *Allen v. Texaco, Inc.*, No. 99-1456, 2001 WL 611391, at *3 (E.D. La. 6/5/01) (Vance, J.).

[25] *Allen*, 2001 WL 611391, at *4; *Magnon v. Forest Oil Corp.*, No. 06-0578, 2007 WL 2736612, at *3–4 (W.D. La. 9/17/07).

**FACTOR THREE—AGREEMENT**

TO DETERMINE WHETHER THERE WAS AN AGREEMENT, UNDERSTANDING, OR MEETING OF THE MINDS BETWEEN ENCORE AND OCEANEERING, YOU MUST BEAR IN MIND THAT THE REALITY AT THE WORKSITE AND THE PARTIES' ACTIONS IN CARRYING OUT A CONTRACT CAN IMPLIEDLY MODIFY, ALTER, OR WAIVE EXPRESS CONTRACT PROVISIONS. PARTIES TO A CONTRACT CANNOT AUTOMATICALLY PREVENT A LEGAL STATUS LIKE "BORROWED EMPLOYEE" FROM ARISING MERELY BY SAYING IN A PROVISION IN THEIR CONTRACT THAT IT CANNOT ARISE.[26]

[26] *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988); (citing *McDonough Marine Serv., Inc. v. M/V ROYAL STREET*, 465 F. Supp. 928, 935 (E.D. La. 1979), *aff'd* 608 F.2d 203 (5th Cir.)); *Stauffer Chem. Co. v. Brunson*, 380 F.2d 174, 182 (5th Cir. 1967).

**FACTOR FOUR—WHETHER EMPLOYEE ACQUIESCED**

TO DETERMINE WHETHER TERCERO ACQUIESCED IN THE NEW WORK SITUATION—HIS WORK WITH OCEANEERING—THE FOCUS IS ON WHETHER TERCERO WAS AWARE OF HIS WORK CONDITIONS WITH OCEANEERING AND WHETHER HE CHOSE TO CONTINUE WORKING IN THEM.[27] FOR EXAMPLE, YOU MAY CONSIDER HOW LONG TERCERO WORKED ABOARD THE M/V OCEAN INTERVENTION AND WHETHER HE COMPLAINED OF THE NEW WORK CONDITIONS.[28]

YOU SHOULD NOT FOCUS ON WHETHER TERCERO CONSIDERED HIMSELF TO BE AN EMPLOYEE OF OCEANEERING.[29]

---

[27] *Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 678 (5th Cir. 1993) (citing *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246 (5th Cir. 1988)).

[28] *Melancon*, 834 F.2d at 1246; *Butcher v. Superior Offshore Int'l, LLC*, No. 07-8136, 754 F. Supp. 2d 829, 837–38 (E.D. La. 2010) (Vance, J.).

[29] *Posey v. Nat'l Oilwell Varco, L.P.*, No. 15-1021, 2016 WL 3430545, at *7–8 (E.D. La. June 22, 2016) (Morgan, J.) (quoting *Vincent v. Fieldwood Energy, L.L.C.*, No. 14-2885, 2015 WL 6758269, at *4 (E.D. La. Nov. 5, 2015) (Zainey, J.)).

**FACTOR FIVE—DID PRIOR RELATIONSHIP TERMINATE?**

TO DETERMINE WHETHER ENCORE TERMINATED ITS RELATIONSHIP WITH TERCERO, YOU DO NOT HAVE TO FIND THAT ENCORE COMPLETELY SEVERED ITS RELATIONSHIP WITH TERCERO. THE FOCUS IS ON THE ORIGINAL EMPLOYER'S, I.E. ENCORE'S, RELATIONSHIP WITH TERCERO WHILE THE BORROWING OCCURRED.[30] THE RELATIONSHIP BETWEEN ENCORE AND TERCERO IS NOT TERMINATED IF ENCORE MAINTAINED SUPERVISION OVER TERCERO.[31]

---

[30] *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246 (5th Cir. 1988); *Capps v. N.L. Baroid-NL Indust., Inc.*, 784 F.2d 615, 617–18 (5th Cir. 1986); *Butcher v. Superior Offshore Int'l, LLC*, No. 07-8136, 754 F. Supp. 2d 829, 838 (E.D. La. 2010) (Vance, J.).
[31] *Butcher*, 754 F. Supp. 2d at 838 (citing *Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 678 (5th Cir. 1993)).

**FACTOR EIGHT—RIGHT TO DISCHARGE EMPLOYEE**

WHEN DETERMINING WHO HAD THE RIGHT TO DISCHARGE TERCERO, KEEP IN MIND THAT THIS FACTOR IS SATISFIED IF OCEANEERING HAD THE RIGHT TO TERMINATE TERCERO'S SERVICES WITH OCEANEERING, EVEN IF OCEANEERING COULD NOT TERMINATE TERCERO'S POSITION WITH ENCORE.[32]

[32] *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246 (5th Cir. 1988) (citing *Capps v. N.L. Baroid-NL Indust., Inc.*, 784 F.2d 615, 618 (5th Cir. 1986)); *Gautreaux v. Apache Corp.*, No. 07-5653, 2010 WL 3982279, at *4 (E.D. La. 10/8/10) (Lemmon, J.).

**FACTOR NINE—OBLIGATION TO PAY THE EMPLOYEE**

WHEN DECIDING WHO HAD THE OBLIGATION TO PAY TERCERO, THE DETERMINATIVE INQUIRY IS WHETHER OCEANEERING OR TERCERO'S ORIGINAL EMPLOYER FURNISHED THE FUNDS FROM WHICH TERCERO WAS PAID. THEREFORE, EVEN IF TERCERO RECEIVED A DIRECT DEPOSIT FROM HIS ORIGINAL EMPLOYER, YOU MUST DETERMINE WHO FURNISHED THE FUNDS OR WAS RESPONSIBLE FOR PAYMENT OF TERCERO'S WAGES.[33] THE FACT THAT ENCORE MAY HAVE KEPT A PERCENTAGE OF THE AMOUNT THAT OCEANEERING PAID ENCORE FOR TERCERO'S SERVICES IS IRRELEVANT TO THE DETERMINATION OF BORROWED EMPLOYEE STATUS.[34]

---

[33] *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246 (5th Cir. 1988) (citing *Capps v. N.L. Baroid-NL Indust., Inc.*, 784 F.2d 615, 618 (5th Cir. 1986); *Butcher v. Superior Offshore Int'l, LLC*, No. 07-8136, 754 F. Supp. 2d 829, 839 (E.D. La. 2010) (Vance, J.).
[34] *Kindred v. Blake Int'l Holdings, L.L.C.*, 805 F. Supp. 2d 278, 284 (E.D. La. 2011) (Lemmon, J.) (citing *Melancon*, 834 F.2d at 1246).

**CONSIDER DAMAGES ONLY IF NECESSARY**

IF TERCERO HAS PROVED HIS CLAIM AGAINST OCEANEERING BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH TERCERO IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT TERCERO'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT TERCERO SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK TO DECIDE WHETHER OCEANEERING IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT OCEANEERING IS LIABLE AND THAT TERCERO IS ENTITLED TO RECOVER MONEY FROM OCEANEERING.[35]

[35] Fifth Circuit Pattern Jury Instructions 15.1 (2014).

**DAMAGES**

IF YOU FIND THAT OCEANEERING IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR ALL OF TERCERO'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES.

COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO OUT-OF-POCKET LOSSES OF MONEY OR LOST TIME. INSTEAD, COMPENSATORY DAMAGES MAY INCLUDE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE TERCERO WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT TERCERO PROVES WERE CAUSED, AS THAT TERM HAS BEEN PREVIOUSLY DEFINED, BY OCEANEERING'S ALLEGED WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF TERCERO'S DAMAGES, NO MORE AND NO LESS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY THOSE INJURIES THAT TERCERO HAS

ACTUALLY SUFFERED OR THAT HE IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT TERCERO PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF A PRE-EXISTING CONDITION RESULTING FROM PHYSICAL INJURY TO TERCERO. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF TERCERO'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION.[36]

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

---

[36] *See* former Fifth Circuit Pattern Jury Instructions § 15.5 (2009) (modified); *see also Luwisch v. American Marine Corp.*, No. 17-3241, 2019 WL 1435932, at *11 (E.D. La. Mar. 31, 2019) (Morgan, J.); *Owens v. Abdon Callais Offshore, LLC*, No. 10-3296, 2011 WL 3654239, at *7 (E.D. La. Aug. 19, 2011) (Vance, J.); *Townsend v. Diamond Offshore*, No. 07-7651, 2009 WL 2447996, at *5 (E.D. La. Aug. 7, 2009) (Barbier, J.).

IN DETERMINING COMPENSATORY DAMAGES, YOU SHOULD CONSIDER ONLY THE FOLLOWING ELEMENTS, TO THE EXTENT YOU FIND THAT TERCERO HAS ESTABLISHED THEM BY A PREPONDERANCE OF THE EVIDENCE:

- PAST AND FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF TERCERO'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE;
- PAST LOSS OF INCOME;
- FUTURE LOSS OF INCOME, INCLUDING IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT OF TERCERO'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION;

IF YOU FIND THAT TERCERO IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT TERCERO HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD TERCERO ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT THAT YOU AWARD ON THIS BASIS.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO TERCERO IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. IF YOU DECIDE TO AWARD TERCERO AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AMOUNT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT AND DEDUCTING THAT AMOUNT FROM THE GROSS FUTURE EARNING AWARD.

HOWEVER, SOME DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, INSTEAD DETERMINING WHAT AMOUNT THAT WILL FAIRLY COMPENSATE TERCERO FOR HIS INJURIES. YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

NOTWITHSTANDING THE FACT THAT TERCERO HAS ALLEGED CLAIMS UNDER THE JONES ACT, GENERAL MARITIME NEGLIGENCE, AND FOR UNSEAWORTHINESS, TERCERO MAY NOT RECOVER TWICE FOR THE DAMAGES, IF ANY, THAT HE MAY HAVE INCURRED.[37]

[37] Adapted from Fifth Circuit Pattern Jury Instruction 4.8 & 15.2 (2014).

**DAMAGES FOR INJURIES**

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT TERCERO SUSTAINED AND ANY PAIN AND SUFFERING THAT TERCERO EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF ANY BODILY INJURY CAUSED, AS THAT TERM HAS BEEN PREVIOUSLY DEFINED, BY OCEANEERING'S ALLEGED WRONGFUL CONDUCT. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE TERCERO FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE MUST BE FAIR IN THE LIGHT OF THE EVIDENCE.[38]

[38] Adapted from Fifth Circuit Pattern Jury Instructions 15.3 (2014).

## MITIGATION OF DAMAGES

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE HIS DAMAGES, THAT IS, TO AVOID OR TO MINIMIZE THOSE DAMAGES.

IF YOU FIND OCEANEERING IS LIABLE AND TERCERO HAS SUFFERED DAMAGES, TERCERO MAY NOT RECOVER FOR ANY ITEM OF DAMAGE THAT HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND THAT OCEANEERING HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT TERCERO UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER TERCERO ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED TERCERO MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO MAKE UNREASONABLE EFFORTS OR TO INCUR UNREASONABLE EXPENSES IN MITIGATING DAMAGES. OCEANEERING HAS THE BURDEN OF PROVING THE DAMAGES THAT TERCERO COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE TERCERO'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL

THE EVIDENCE IN LIGHT OF THE CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER OCEANEERING HAS SATISFIED HIS BURDEN OF PROVING THAT TERCERO'S CONDUCT WAS NOT REASONABLE.[39]

[39] Fifth Circuit Pattern Jury Instruction 15.5 (2014).

**PROHIBITED COMMUNICATIONS**

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT. IN OTHER WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR FELLOW JURORS DURING DELIBERATIONS. I EXPECT YOU WILL INFORM ME AS SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE. YOU ARE ONLY PERMITTED TO DISCUSS THE CASE WITH YOUR FELLOW

JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE. IN OUR JUDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM. OTHERWISE, YOUR DECISION MAY BE BASED ON INFORMATION KNOWN ONLY BY YOU AND NOT YOUR FELLOW JURORS OR THE PARTIES IN THE CASE. THIS WOULD UNFAIRLY AND ADVERSELY IMPACT THE JUDICIAL PROCESS.

**DUTY TO DELIBERATE**

IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE.

WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU A COPY OF THIS CHARGE AND THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE. YOU MUST SELECT A JURY FOREPERSON TO GUIDE YOU IN YOUR DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.

YOUR VERDICT MUST BE UNANIMOUS. AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR JURY FOREPERSON MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT. AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE JURY FOREPERSON SHOULD WRITE THE INQUIRY

AND GIVE IT TO THE COURT SECURITY OFFICER. AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.[40]

[40] Fifth Circuit Pattern Jury Instruction 3.7 (2014).