**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NESTOR TERCERO** **CIVIL ACTION**

**VERSUS** **No. 17-7438**

**OCEANEERING INTERNATIONAL INC. ET AL.** **SECTION I**

## JURY INTERROGATORIES

## JONES ACT NEGLIGENCE CLAIM

1. Do you find by a preponderance of the evidence that Oceaneering was negligent under the Jones Act with respect to Tercero's September 7, 2016 accident **AND** that defendant Oceaneering's negligence caused, in whole or in part, Tercero's September 7, 2016 accident?

___✓___ YES ________ NO

*If you answered "Yes," please proceed to question # 2. If you answered "No," please proceed to question # 3.*

2. With respect to the Jones Act negligence claim, do you find by a preponderance of the evidence that Tercero was contributorily negligent with respect to his September 7, 2016 accident **AND** that Tercero's contributory negligence was a cause, in whole or in part, of his September 7, 2016 accident?

___✓___ YES ________ NO

*Proceed to question # 3.*

## GENERAL MARITIME NEGLIGENCE CLAIM

3. Do you find by a preponderance of the evidence that Oceaneering was negligent under general maritime law with respect to Tercero's September 7, 2016 accident **AND** that Oceaneering's negligence was a cause and a proximate cause of Tercero's September 7, 2016 accident?

____✓____ YES __________ NO

*If you answered "Yes," please proceed to question # 4. If you answered "No," please proceed to question # 5.*

4. With respect to the general maritime negligence claim, do you find by a preponderance of the evidence that Tercero was contributorily negligent with respect to his September 7, 2016 accident **AND** that Tercero's contributory negligence was a cause and a proximate cause of Tercero's September 7, 2016 accident?

____✓____ YES __________ NO

*Proceed to question # 5.*

## UNSEAWORTHINESS CLAIM

5. Do you find by a preponderance of the evidence that the M/V OCEAN INTERVENTION was unseaworthy with respect to Tercero's September 7, 2016 accident **AND** that the unseaworthy condition of the M/V OCEAN INTERVENTION was a cause and a proximate cause of Tercero's September 7, 2016 accident?

_______________ YES ______✓______ NO

*If you answered "Yes," please proceed to question # 6.*

*If you answered "No" to question # 5, question # 3, **and** question # 1, have the foreperson sign and date this form and hand it to the Marshal.*

*If you answered "No" to question # 5, but "Yes" to question # 4 **or** question # 2, then proceed to question # 7.*

*If you answered "No" to question # 5, question # 4 **and** question # 2, **but** you answered "Yes" to question # 3 **or** question # 1, proceed to question # 8.*

6. With respect to the unseaworthiness claim, do you find by a preponderance of the evidence that Tercero was contributorily negligent with respect to his September 7, 2016 accident **AND** that Tercero's contributory negligence was a cause and a proximate cause of Tercero's September 7, 2016 accident?

_______________ YES _______________ NO

*If you answered "Yes," please proceed to question # 7.*

*If you answered No" to question # 6, **but** "Yes" to question # 4 **or** # 2, then proceed to question # 7.*

*If you answered "No" to question # 6, question # 4, **and** question # 1, then proceed to question # 8.*

*If you answered "No" to question # 6, question # 4, **and** question # 2, then proceed to question # 8.*

*If you answered "No" to question # 6, question # 3, **and** question # 1, then proceed to question # 8.*

## APPORTIONMENT OF FAULT

7. Indicate what percentage, if any, of Tercero's damages you find by a preponderance of the evidence to have been caused by:

a. The Jones Act negligence of Oceaneering, the negligence of Oceaneering under general maritime law, **and/or** the unseaworthiness of the M/V OCEAN INTERVENTION

50 %

b. The negligence of Tercero

50 %

**THE TOTAL MUST EQUAL 100%**

*Proceed to question # 8.*

## DAMAGES

8. What amount, if any, do you find will fairly and adequately compensate Tercero for the injuries he sustained as a result of the negligence of Oceaneering and/or the unseaworthiness of the M/V OCEAN INTERVENTION?

**<u>Do not make any deductions for Tercero's negligence, if any such negligence was found. The Court will make any calculations that are necessary.</u>**

a. Past pain and suffering, including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life

$ 125,000.00

b. Future pain and suffering, including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life

$ 190,000.00

c. Past loss of income $ 75,000.00

d. Future loss of income $ 110,000.00

*Proceed to question # 9 unless you answered "No" to question # 1. If you answered "No" to question # 1, have the foreperson sign and date this form and hand it to the Marshal.*

## 9. BORROWED SERVANT STATUS

*Answer (a) through (h)*

a. Do you find that Oceaneering had control over Tercero and the work he was performing at the time of his accident?

YES ✓ NO ___

b. Do you find that Tercero was performing the work of Oceaneering at the time of his accident?

YES ✓ NO ___

c. Do you find that there was an agreement, understanding, or meeting of the minds between Encore and Oceaneering with respect to Tercero becoming the borrowed employee of Oceaneering?

YES ✓ NO ___

d. Do you find that Tercero acquiesced in his new work situation with Oceaneering?

YES ✓ NO ___

e. Do you find that Encore had terminated its relationship with Tercero at the time his accident?

YES ___ NO ✓

f. Do you find that Oceaneering furnished the tools and the place for performance of Tercero's work?

YES ✓ NO ___

g. Do you find that Oceaneering had the right to terminate Tercero's services with Oceaneering?

YES ✓ NO ___

h. Do you find that Oceaneering had the obligation to pay Tercero?

YES ✓ NO ___

*The foreperson should sign and date this form and hand it to the Marshal.*

New Orleans, Louisiana, this 10TH day of April, 2019.

[redacted]

FOREPERSON