**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NESTOR TERCERO** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7438** |
| **OCEANEERING INTERNATIONAL, INC. ET AL.** | **SECTION I** |

## FINAL JUDGMENT

A jury verdict[1] was returned in this case. Pursuant to that verdict,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of plaintiff, Nestor Tercero, and against defendant, Oceaneering International, Inc., in the amount of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**, which represents the amount awarded by the jury minus the percentage of contributory negligence assessed against plaintiff.[2]

**IT IS FURTHER ORDERED** that post-judgment interest at the federal legal rate of interest is awarded on the entire judgment from the date of judgment, April

---

[1] R. Doc. No. 161.

[2] The Court reviewed the parties' memorandum of law as to an award of prejudgment interest. R. Doc. Nos. 165, 166. "When a Jones Act case is tried to a jury, the Court may not award pre-judgment interest." *Harrison v. Diamond Offshore Drilling, Inc.*, No. 07-417, 2008 WL 708076, at *24 (E.D. La. Mar. 6, 2008) (Vance, J.) (citing *McPhillamy v. Brown & Root, Inc.*, 810 F.2d 529, 532 (5th Cir. 1987)); *see also Domangue v. Penrod Drilling Co.*, 748 F.2d 999, 1001 & n.1 (5th Cir. 1984); *Barton v. Zapata Offshore, Co.*, 397 F. Supp. 778 (E.D. La. 1975) (Rubin, J.). Plaintiff's claim for Jones Act negligence, as well as his claims for general maritime negligence and unseaworthiness, were decided by the jury. The Court only made a determination as to plaintiff's status as defendant's borrowed servant; the Court did not make any determination with respect to fault or damages.

10, 2019, until paid, plus costs recoverable by plaintiff under Rule 54(d)(1) of the Federal Rules of Civil Procedure. All taxable costs are taxed against defendant.

New Orleans, Louisiana, April 22, 2019.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**